The document below is hereby signed.

Signed: December 23, 2009.



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MELWOOD JOEL JOHNSON, | ) | Case No. 09-00704 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER STRIKING REAFFIRMATION AGREEMENT

The debtor's reaffirmation agreement with Sterling, Inc., doing business as Kay Jewelers was filed after the deadline set by Fed. R. Bankr. P. 4008(a) and after the entry of the debtor's discharge.

I

The reaffirmation agreement raises a presumption of undue hardship under 11 U.S.C. § 524(m)(1). But the filing of the reaffirmation agreement after entry of the debtor's discharge prevents the court's exercising its authority under § 524(m)(1), if appropriate, to disapprove the agreement if the presumption of undue hardship is not rebutted to the court's satisfaction. That is because the court cannot comply with the statute's command that any hearing to consider disapproval "shall be concluded

before the entry of the debtor's discharge."

I could find only one decision that addresses this circumstance.  It holds that the circumstance (that the filing of the agreement after entry of the discharge prevents the court's complying with the statutory requirement that the hearing to consider disapproving the reaffirmation agreement be concluded before entry of the debtor's discharge) warrants striking the reaffirmation agreement.  *See In re Schmidt*, 2009 WL 1587690 (Bankr. N.D. Ohio Apr. 16, 2009).  In any event, no motion has been filed to permit the filing of the reaffirmation agreement out of time, and I will thus strike the reaffirmation agreement.

                                    II

The debtor's attorney represents that the reaffirmation agreement halves the debt owed for the jewelry the debtor purchased.  Nothing in this order precludes the debtor and Sterling, Inc. entering into an agreement that so long as the debtor makes voluntary payments (in the amounts contemplated by the reaffirmation agreement), Sterling, Inc. will not repossess the jewelry pursuant to its security interest.  But the debtor cannot, without an effective reaffirmation agreement, be held personally liable for any missed payments.  In effect, Sterling, Inc. would be agreeing to redemption in installments, and waiving its right under 11 U.S.C. § 722 to insist upon the redemption amount being paid "in full at the time of redemption."

                                     2

III

In light of the foregoing, it is

ORDERED that the debtor's reaffirmation agreement with Sterling, Inc., doing business as Kay Jewelers, is STRICKEN, but the reaffirmation agreement does not preclude the debtor's making voluntary payments to Sterling, Inc., doing business as Kay Jewelers.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Scott D. Fink; Office of United States Trustee.